UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:  CV 14-08678-AB (FFMx) | Date:  April 16, 2015 |

Title:  *Mark Dix, et al. v. Nova Benefit Plans, LLC, et al.*

Present: The Honorable  ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] Order to Show Cause Why the Court Should Not Strike Plaintiff's Class Action Allegations for Failure to Comply with Local Rule 23-3**

Plaintiffs brought this putative class action on November 7, 2014 (Dkt. No. 1), and served Defendants on December 22, 2014.  (Dkt. Nos. 8, 9.)[1]  The parties filed their Joint Rule 26(f) Report on April 13, 2015.  (Dkt. No. 32)  In the Joint Report, Plaintiffs propose a deadline of January 11, 2016 to file a motion for class certification.  (*Id*., at p. 15.)  Civil Local Rule 23-3 provides:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

---

[1] Plaintiffs also served Defendant Wayne H. Bursey on December 31, 2014.  (Dkt. No. 10.)  However, Plaintiffs dismissed Mr. Bursey from this action on January 19, 2015, and Mr. Bursey is no longer a party to this action.  (Dkt. No. 19.)

Under that rule, Plaintiffs' motion for class certification was due no later than March 22, 2015 (90 days after Plaintiff served the operative complaint "purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act" on Defendants). Civ. L.R. 23-3. Plaintiffs neither moved for class certification on or before March 22, 2015 nor sought leave from this Court to continue their deadline to move for class certification on or before that date.[2]

It appearing to the Court that Plaintiffs failed to comply with the mandatory filing deadline set forth in Civil Local Rule 23-3, Plaintiffs are **ORDERED TO SHOW CAUSE no later than April 22, 2015** why the Court should not strike Plaintiffs' class action allegations pursuant to Federal Rule of Civil Procedure 12(f)(1) as immaterial in light of Plaintiffs' failure to timely move for class certification or to timely seek an extension of time to file for class certification. *See Verner v. Swiss II, LLC*, No. CV 09-5701-PA CTX, 2010 WL 99084, at *2 (C.D. Cal. Jan. 6, 2010) (striking class action allegations on courts own motion for failure to comply with Local Rule 23-3); *accord Watson v. Schwarzenegger*, 347 Fed.App'x. 282, 284-85 (9th Cir. 2009) (district court did not abuse discretion in refusing to allow Plaintiff to file class certification motion for failure to comply with Local Rule 23-3); *Montoya v. Creditors Interchange Receivable Mgmt., LLC*, No. CV 10-3037-PSG EX, 2011 WL 971341, at *2 (C.D. Cal. Mar. 16, 2011) ("because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's Complaint"); *Robertson v. FedEx Nat. Ltl, Inc.*, No. CV 09-5016-DSF FFMX, 2010 WL 10020690, at *7 (C.D. Cal. Jan. 5, 2010) (striking class allegations where "Plaintiff failed to timely file a class certification motion pursuant to L.R. 23-3 and Plaintiff's delay was inexcusable" because "Rule 12(f) authorizes the court to strike from a pleading any matter that is deemed immaterial").

In responding to the Court's order to show cause, the Court reminds Plaintiffs that they must show excusable neglect for their failure to comply with Local Rule 23-3 (Fed. R. Civ. Proc. 6(b)(1)(B)), and that "unfamiliarity with the local rules and unnecessary delay in filing his motion d[o] not constitute excusable neglect." *Watson v. Schwarzenegger*, 347 Fed.App'x. at 285. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect" (*Pioneer Investment Svcs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993)) and "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered."

---

[2] Plaintiffs' suggestion of a January 11, 2016 deadline to file for class certification is not an appropriate venue to request an extension of a mandatory deadline. "A request for a court order must be made by motion" and, among other things, must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). The Joint Rule 26 Report is not a written motion, and does not even acknowledge Local Rule 23-3 and its mandatory filing deadline, let alone "state with particularity" why the Court should excuse Plaintiffs' failure to timely file the motion. In any event, Plaintiffs' filed the Joint Rule 26 Report on April 13, 2015, several weeks after their deadline to move for class certification had already passed.

*Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

      Defendants may reply to Plaintiffs' response to the order to show cause **no later than April 29, 2015**.  Neither Plaintiffs' response nor Defendants' reply shall exceed 10 pages in length.  Pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 7-15, the Court finds this matter appropriate for determination without oral argument, and the matter will stand submitted upon receipt of Defendants' reply or lapse of time to file a reply.

      Because the question of class certification significantly impacts the appropriate schedule in this matter, the Court **CONTINUES** the scheduling conference previously scheduled for April 27, 2015 to May 11, 2015.

      **IT IS SO ORDERED**